| |
|---|
| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| **WELTMAN, WEINBERG & REIS CO., LPA**<br>**By: Cameron Deane, Esq. (Atty. I.D.# 36334-2021)**<br>**520 Walnut Street, Suite 1355**<br>**Philadelphia, PA 19106**<br>**267-940-1643**<br>**WWR# 041758919**<br>Attorneys for Movant: Navy Federal Credit Union |
| IN re:<br><br>Randell A. Soto, Jr.<br>       Debtor |

Order Filed on May 2, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 23-19707-VFP
Chapter: 13
Judge: Vincent F. Papalia

# CONSENT ORDER RESOLVING
## CREDITOR'S MOTION FOR RELIEF FROM AUTOMATIC STAY

The relief set forth on the following pages, number two (2) through two (2) is hereby **ORDERED**

**DATED: May 2, 2025**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

**(Page 2)**
Debtor: Randell A. Soto, Jr.
Case No: 23-19707-VFP
Caption of Order: Consent Order Resolving Motion for Relief from Stay

---

Upon the motion of **Navy Federal Credit Union** or its successors or assignees, under Bankruptcy Code §362(a) for relief from the automatic stay as to certain property as hereinafter set forth, and by consent of the parties for an Order for Relief from the automatic stay, and for good cause appearing therefore, it is hereby ORDERED that the Movant's Motion is resolved, subject to the following conditions:

1. Status of post-petition arrears:
    a. The Debtor is overdue for seven monthly payments due in the amount of $586.06 for October 8, 2024 through April 8, 2025, for total post-petition arrears of $4,060.60.
    b. Movant's attorney's fees and costs related to this motion total $749.00.
    c. Total post-petition arrears due are **$4,809.60.**
2. Debtor must cure all arrears as follows:
    a. Debtor has submitted payment in the amount of $4,060.60 directly to Movant on or about April 24, 2025, which payments has been received and applied to the outstanding post-petition arrears.
    b. Debtor shall modify their Chapter 13 Plan to provide funding to satisfy the remaining post-petition arrears in the amount of $749.00 payable to Movant in the Debtor's Chapter 13 Plan
    c. Debtor shall resume regular monthly payments to beginning with their payment of $586.06 due on May 15, 2025, and continuing on the 15th of each month, pursuant to the terms of the original contract between Debtor & Movant.
3. In the event of Default:
    a. If the Debtor fails to remit payment as stated above, fails to modify their Chapter 13 Plan within thirty (30) days as stated above, or fails to make any regular monthly payment within thirty (30) days of the date the payments are due, then the Movant may obtain an Order Vacating the Automatic Stay as to the Collateral by filing, with the Bankruptcy Court, a Certification specifying the Debtor's failure to comply with this Order. At the time the Certification is filed with the court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtor, and the Debtor's counsel.
4. In the event the Debtor converts his/her case to a Chapter 11, the terms of this Order shall remain in full force and effect. In the event the Debtor converts his/her case to a Chapter 7, Debtor shall cure all pre-petition and post-petition arrears within ten (10) days from the date of conversion. Failure to cure the arrears shall constitute a default under this Order, and Movant may certify default as set forth in paragraph 3 of this Order.

By signing, below, I/we consent to the form and entry of this Order.

/s/ Cameron Deane
Cameron Deane, Esquire
Attorney for Movant,
Citizens Bank, N.A.

/s/ Russell L. Low
Russell Low, Esquire
Attorney for Debtor,
Randell A. Soto, Jr.